UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LISA A. CAPELL,**

      **Plaintiff,**

v.                                        **Case No. 8:19-cv-2474-T-60AAS**

**ANDREW SAUL, Commissioner,**
**Social Security Administration,**

      **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Lisa Capell requests judicial review of a decision by the Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) under the Social Security Act, 42 U.S.C. Section 405(g). After reviewing the record, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the administrative record, the pleadings, and the parties' joint memorandum, it is **RECOMMENDED** that the Commissioner's decision be **AFFIRMED**.

**I.     PROCEDURAL HISTORY**

Ms. Capell applied for DIB and alleged disability beginning on June 14, 2002. (Tr. 125). Disability examiners denied Ms. Capell's application initially and after reconsideration. (Tr. 48–54, 55–62). Ms. Capell then requested and received a hearing before an ALJ, who found Ms. Capell not disabled through her date of last insured, March 31, 2005. (Tr. 17–21, 29–45, 79–80).

The Appeals Council denied Ms. Capell's request for review, making the ALJ's

decision final. (Tr. 3–5). Mr. Capell seeks judicial review of the Commissioner's final decision. (Doc. 1).

## II. NATURE OF DISABILITY CLAIM

### A. Background

Ms. Capell was thirty-four years old on her alleged onset date and was thirty-seven years old on her date of last insured. (Tr. 27). Ms. Capell has an associate degree and prior work experience as a teacher. (Tr. 142). Ms. Capell claims disability because of common variable immunodeficiency disorder (CVID), lupus, irritable bowel syndrome (IBS), and advanced degenerative disc disease. (Tr. 48, 55).

### B. Summary of the ALJ's Decision

The ALJ must follow five steps when evaluating a claim for disability.[1] 20 C.F.R. § 404.1520(a). First, if a claimant is engaged in substantial gainful activity,[2] she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have an impairment or combination of impairments that significantly limit her physical or mental ability to perform basic work activities, she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment in the Listings, she is not disabled. 20 C.F.R. §

---

[1] If the ALJ determines that the claimant is under a disability at any step of the sequential analysis, the analysis ends. 20 C.F.R. § 404.1520(a)(4).

[2] Substantial gainful activity is paid work that requires significant physical or mental activity. 20 C.F.R. § 404.1572.

2

404.1520(d); 20 C.F.R. pt. 404, subpt. P, app. 1. Fourth, if a claimant's impairments do not prevent her from performing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). At this fourth step, the ALJ determines the claimant's Residual Functional Capacity (RFC).[3] Fifth, if a claimant's impairments (considering her RFC, age, education, and past work) do not prevent her from performing other work that exists in the national economy, she is not disabled. 20 C.F.R. § 404.1520(g).

The ALJ determined Ms. Capell had not engaged in substantial gainful activity from her alleged onset date through her date of last insured. (Tr. 19). The ALJ found Ms. Capell did not have any medical signs or laboratory findings to support the existence of a medically determinable impairment. (*Id.*) As a result, the ALJ concluded Ms. Capell was not under a disability, as defined in the Social Security Act, from June 14, 2002, the alleged onset date, through March 31, 2005, the date last insured. (Tr. 21).

### III.   ANALYSIS

####   A.   Standard of Review

Review of the ALJ's decision is limited to reviewing whether the ALJ applied correct legal standards and whether substantial evidence supports her findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation

---

[3] A claimant's RFC is the level of physical and mental work she can consistently perform despite her limitations. 20 C.F.R. § 404.1545(a).

3

omitted). There must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted). The Supreme Court recently explained, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Id.* at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote,* 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted) (stating that the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

### B.  Issues on Appeal

Ms. Capell raises two issues on appeal. First, Ms. Capell argues the ALJ failed to follow Social Security Regulation (SSR) 83-20 to determine whether Ms. Capell had medically determinable impairment during the time frame at issue. (Doc. 16, pp. 10–16). Second, Ms. Capell argues a new hearing in front of a constitutionally appointed ALJ is required. (*Id.* at pp. 19–23).

#### 1.  Social Security Regulation 83-20

Ms. Capell argues the ALJ should have followed SSR 83-20 to determine the

onset date of Ms. Capell's impairments. (*Id.* at pp. 11–12). Ms. Capell asserts the ALJ incorrectly determined she had no medically determinable impairments because the ALJ should have inferred the onset of Ms. Capell's impairments from medical records past the date last insured. (*Id.* at pp. 12–16).

The Commissioner argues Ms. Capell failed to establish she had a medically determinable impairment during the relevant time frame and only cites medical evidence after the date last insured for support. (*Id.* at pp. 17–18). The Commissioner asserts the ALJ would only need to infer the onset date if the ALJ determined Ms. Capell was disabled, which the ALJ did not. (*Id.* at pp. 18–19).

The ALJ ended his inquiry at step two because he found Ms. Capell had no medically determinable impairment. Step two is a threshold inquiry that "allows only claims based on the most trivial impairments to be rejected." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). This inquiry "acts as a filter" so insubstantial impairments will not be given much weight. *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). To show a severe impairment, a claimant must show "any impairment or combination of impairments which significantly limits [her] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c).

Here, substantial evidence supports the ALJ's finding Ms. Capell did not have a medically determinable impairment between June 14, 2002—Ms. Capell's alleged onset date of disability—and March 31, 2005, the date she was last insured. Ms. Capell submitted no medical records, evidence, or testing that showed a disability during the relevant time. (*See* Tr. 20 (noting no medical signs or laboratory findings

5

presented during time frame)). Although Ms. Capell presented medical evidence of impairments after March 31, 2005, the evidence does not provide a definitive time frame on Ms. Capell's alleged impairments. Those medical records use broad language to convey Ms. Capell had those impairments for some time, and those timeframes are based on Ms. Capell's narrative of her medical history. (*See* Tr. 601 (2007 letter from doctor inferring Ms. Capell has a "longstanding history of irritable bowel syndrome" from her summary of medical problems but noting soft and non-tender abdomen with bowel sounds present)). Ms. Capell's later self-serving statements alone do not provide a reasonable basis for the ALJ to conclude this evidence related back to the time frame at issue. *See Bullard v. Comm'r, Soc. Sec. Admin*, 752 F. App'x 753, 755 (11th Cir. 2018); *Jones v. Colvin*, No. 3:15-v-208-J-34MCR, 2015 WL 9694507, at *6 (M.D. Fla. Dec. 15, 2015) ("[O]pinions rendered after Plaintiff's date of last insured are of little value to the ALJ's disability determination."). Thus, the ALJ's finding that Ms. Capell did not have a medically determinable impairment is supported by substantial evidence.

As for Ms. Capell's argument that the ALJ should have inferred the onset date despite not finding her disabled, she cites SSR 83-20. SSR 83-20 "prescribes the policy and procedure by which the Commissioner should determine the onset date of a disability." *Caces v. Comm'r, Soc. Sec. Admin.*, 560 F. App'x 936, 938 (11th Cir. 2014). SSR 83-20 explains "[i]n *addition* to determining that an individual is disabled, the decisionmaker must also establish the onset date of disability" and if the onset date must be inferred because of a disability based on nontraumatic origins, like

autoimmune deficiency diseases, the ALJ "should call on the services of a medical adviser." Social Security Regulation 83-20, 1983 WL 31249, at *1, 3 (Jan. 1, 1983).

The Eleventh Circuit has not addressed, in a published decision, "whether the Commissioner must obtain medical evidence to establish the onset date for a claimant who is not disabled." *See Wilcox v. Comm'r Soc. Sec.*, No. 6:17-cv-280-ORl-37TBS, 2018 WL 4042145, at *4 (M.D. Fla. Aug. 8, 2018). In unpublished opinions, the Eleventh Circuit determined "[t]he plain language of SSR 83-20 indicates that it is applicable only after there has been a finding of disability and it is then necessary to determine when the disability began." *Caces*, 560 F. App'x at 939; *see also Klawinski v. Comm'r of Soc. Sec.*, 391 F. App'x 772, 776 (11th Cir. 2010) ("We conclude that the ALJ did not contravene SSR 83-20 because the ALJ ultimately found that Klawinski was not disabled, and SSR 83-20 only required the ALJ to obtain a medical expert in certain instances to determine a disability onset date after a finding of disability."). Because the ALJ did not find Ms. Capell disabled, SSR 83-20 does not apply, and the ALJ did not fail to infer the onset date of Ms. Capell's alleged impairments.

\* \* \*

Because the ALJ properly considered the evidence in finding Ms. Capell did not have a medically determinable impairment, the ALJ did not need to infer the onset date of Ms. Capell's alleged impairments.

### 2. Appointment of the ALJ

Ms. Capell argues the court should remand her case for a new hearing because the ALJ who decided her disability case was "unconstitutionally appointed." (Doc. 16,

pp. 19–23). For support, Ms. Capell cites *Lucia v. S.E.C.,* 138 S. Ct. 2044, 2051 (2018) and a recent Third Circuit case, *Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148 (3d Cir. 2020). (*Id.* at pp. 21–22). In response, the Commissioner contends Ms. Capell did not present her challenge to the ALJ's appointment at any stage of her administrative process, and thus she forfeits her claim. (*Id.* at p. 33).

In *Lucia*, the Supreme Court held the ALJs for the Securities and Exchange Commission are "Officers of the United States," and are therefore subject to the Appointments Clause—and because they were not appointed by an entity identified in Article II, § 2, cl. 2, of the United States Constitution, the decision was "tainted with an appointments violation" and a new hearing was required. *Lucia*, 138 S. Ct. at 2055. In reaching this holding, the Supreme Court stated:

> This Court has held that "one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case" is entitled to relief. Lucia made just such a timely challenge: He contested the validity of Judge Elliot's appointment before the Commission, and continued pressing that claim in the Court of Appeals and this Court.

*Id.* (internal citations omitted). The Appointments Clause is "nonjurisdictional" and may be waived or forfeited by failure to timely raise it. *Freytag v. Comm'r*, 501 U.S. 868, 878–79 (1991).

The Third Circuit recently held claimants do not need to present an Appointments Clause challenge at the administrative level but can raise the claim for the first time at the district court. *Cirko*, 948 F.3d at 152. The Third Circuit reasoned claimants do not need to raise this challenge in the administrative proceedings because of the constitutional nature of the Appointments Clause claim

8

and the non-adversarial nature of the social security proceedings. *Id.* at 154–56. The Third Circuit's decision is not binding precedent in this jurisdiction.

The Eleventh Circuit has yet to decide whether failure to raise the Appointments Clause challenge in the administrative proceedings forfeits the claim, but two pending appeals in the Eleventh Circuit involve this issue: *Perez v. Berryhill*, No. 18-20760-CV-TORRES, 2019 WL 1405642 (S.D. Fla. May 28, 2019), *appeal filed sub nom Perez v. Comm'r of Soc. Sec.*, No. 19-11660 (11th Cir. Apr. 29, 2019); and *Lopez v. Berryhill*, No. 18-20625-CV-TORRES, 2019 WL 1429632 (S.D. Fla. Mar. 29, 2019), *appeal filed sub nom Lopez v. Acting Comm'r of the Soc. Sec. Admin.*, No. 19-11747 (11th Cir. May 3, 2019). The district court decisions within this circuit have interpreted the Supreme Court's holding in *Lucia* to mean an Appointments Clause challenge must be raised before the ALJ's decision becomes final at the administrative level. *See, e.g., Valle-Roman v. Comm'r of Soc. Sec.*, No. 6:18-cv-1158-Orl-TBS, 2019 WL 1281171, at *2 (M.D. Fla. Mar. 20, 2019); *Rodriquez v. Comm'r of Soc. Sec.*, No. 6:18-cv-1375-Orl-41GJK, 2019 WL 1644243, at *2–3 (M.D. Fla. Feb. 5, 2019), *report and recommendation adopted* 2019 WL 1643299 (M.D. Fla. Apr. 16, 2019); *Gary v. Comm'r of Soc. Sec.*, No. 8:17-cv-2710-T-JSS, 2018 WL 7436496, at *6 (M.D. Fla. Nov. 30, 2018). These cases agree with the "vast majority of courts that have considered this issue" and have concluded the Appointments Clause issue is forfeited if not raised in the administrative proceedings. *See Jones v. Berryhill*, No. 4:18cv503-CAS, 2019 WL 2583157, at *7 n.9 (N.D. Fla. June 21, 2019) (collecting cases from other districts).

Ms. Capell did not raise the Appointments Clause challenge at any point during her administrative process. Consistent with current case law of the district courts in the Eleventh Circuit, Ms. Capell forfeited her Appointments Clause challenge.

## IV.   CONCLUSION

The Commissioner's decision is supported by substantial evidence. Therefore, the undersigned recommends the Commissioner's decision be **AFFIRMED** and the Clerk be directed to close the file.

**RECOMMENDED** in Tampa, Florida on September 9, 2020.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

## **NOTICE TO PARTIES**

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.